IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSÈ TERAN,

    Plaintiff,

v.                                                                                          Civ. No. 00-229 RLP/WWD

CONSOLIDATED FREIGHTWAYS
CORPORATION OF DELAWARE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant Consolidated Freightways' Motion to Dismiss, Disqualify Plaintiff's Counsel and for Other Appropriate Sanctions. For the reasons set forth below, the motion is denied.

Mr. Teran filed this action on February 15, 2000. At some point after filing suit, Mr. Teran's counsel spoke with the former terminal supervisor of Consolidated Freightways (CF), Louis E. Bixler. During this conversation, Mr. Bixler apparently volunteered to counsel that he had been present during a meeting with CF's in-house counsel and two other managers to discuss Mr. Teran's EEOC charge against CF. Mr. Bixler offered that CF's in-house counsel said that he did not think Mr. Teran would file a lawsuit because it would cost too much money.

CF seeks to have Mr. Teran's counsel disqualified, or Mr. Bixler's testimony precluded, due to this conversation which it claims violates counsel's ethical obligations under the New Mexico Rules of Professional Conduct. Mr. Teran argues that Mr. Bixler was not a manager and there was no violation of the Rules of Professional Conduct.

New Mexico's Rule 16-402 governs communications with individuals who are represented by counsel. It provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. Except for persons having a managerial responsibility on behalf of the organization, an attorney is not prohibited from communicating directly with employees of a corporation, partnership or other entity about the subject matter of the representation even though the corporation, partnership or entity itself is represented by counsel.

This Rule does not mention former employees of corporations. Law from around the country on this subject is murky, at best. *See, e.g., Valassis v. Samelson*, 143 F.R.D. 118, 120 (E.D. Mich. 1992) (noting that although courts are split on the issue, the majority view is that ABA Rule 4.2 does not apply to former employees); Benjamin J. Vernia, Annotation, *Right of Attorney to Conduct Ex Parte Interview with Former Corporate Employees*, 57 A.L.R. 5th 633 (1998). In *Shearson Lehman Bros., Inc. v. Wasatch Bank*, 139 F.R.D. 412 (D. Utah 1991) the court examined the applicable Utah rules and the ABA Model Rules of Professional Conduct[1] and declined to adopt a "bright line" rule forbidding all ex parte contact with former management employees. *Id*. at 416. The court noted that both Utah's and ABA's Rules 4.3 and 4.4 (which are identical to New Mexico's 16-403[2] and

---

[1] New Mexico's Rule 16-402 differs from the ABA Model Rule 4.2, in that the latter rule does not contain the second sentence of New Mexico's Rule.

[2] Rule 16-403 states: "In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding."

16-404[3]) help protect parties and individuals alike from overreaching attorneys and bind counsel to ethical conduct. *Id.* at 417-18.

Most of the cases cited by CF concern conversations with managerial employees while they were employed by the adverse party.[4] Other cases cited by CF concern the solicitation of information protected by the attorney-client privilege. Based on this case law and the record submitted, CF concludes that counsel for Mr. Teran breached his ethical obligations by contacting Mr. Bixler and that he should be disqualified (or Mr. Bixler's testimony excluded) for his use of privileged information.

CF is mixing its arguments. There is no blanket prohibition on contacting former employees of a corporate party, even when those individuals were in a management capacity. There *is* a prohibition on soliciting or using attorney-client privileged material, whether or not the individual was in a management capacity. These are two separate concepts. Even assuming, *arguendo*, that Mr. Bixler was a manager at CF, he was not employed by CF at the time he was interviewed. There is no indication from the record that he was represented by counsel. There is nothing in the record to indicate that counsel for Mr. Teran solicited attorney-client privileged material. The volunteered information does not fall into the rubric of privileged information.

---

[3] Rule 16-404 states: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

[4] In *Weeks v. Independent School District*, -- F.3d --, 2000 WL 1588065 (10th Cir. 2000) the court upheld the district court's disqualification of counsel for her communication with two current, managerial employees. This court finds *Weeks* distinguishable on the basis that those employees, unlike Mr. Bixler, were employed by the school district at the time of the ex parte contact.

Based on the parties' submissions, the court finds nothing to warrant counsel's disqualification or the exclusion of Mr. Bixler's testimony. It may be that there are areas about which Mr. Bixler cannot testify, but nothing has been presented to date to support such an exclusion.

IT IS THEREFORE ORDERED THAT Consolidated Freightways' Motion to Dismiss, Disqualify Plaintiff's Counsel and for Other Appropriate Sanctions [Doc. 34] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)