IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE V. TERAN,

      Plaintiff                                               Civ. No. 00-229 RLP/WWD

CONSOLIDATED FREIGHTWAYS
CORPORATION OF DELAWARE,

      Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant Consolidated Freightways' ("CF") Motion to Dismiss or, in the Alternative, for Partial Summary Judgment [Doc. 28] ("Motion"). For the reasons set forth below, the Motion is granted in part and denied in part.

Because CF's Motion refers to material outside of the pleadings, the court will review the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b). Summary judgment is appropriate when there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). The court views the evidence and draws reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 450 (10th Cir. 1996).

Plaintiff Jose V. Teran is a Mexican national who is employed by CF. He alleges that his employer, primarily through its agents David Carter and Alex Garcia, discriminated against him in violation of 42 U.S.C. § 1981. He also alleges retaliation in violation of § 1981; discrimination and retaliation in violation of Title VII (42 U.S.C. § 2000e *et seq.*); violation of the New Mexico Human Rights Act (NMSA 1978 § 28-1-7); breach of contract;

breach of the implied covenant of good faith and fair dealing; defamation; intentional infliction of emotional distress; and prima facie tort. CF seeks dismissal of all state law claims. The following facts are pertinent to these causes of action.

Mr. Teran has been employed as a truck driver by CF since 1984. At all pertinent times he was a member of Local Union 492 of the International Brotherhood of Teamsters ("Union") and his employment was covered by a collective bargaining agreement. *See* Affidavit of Dave Carter [Doc. 30] and Exhibit thereto. Since approximately 1997, Mr. Teran alleges that he was subjected to racial discrimination by Carter and Garcia. This discrimination took the form of racial slurs, being given difficult and unfair driving/loading assignments, and unjustified discipline. He claims he was treated differently from other employees in the form of more frequent disciplinary action and lost overtime opportunities. He alleges that Carter defamed him to his fellow co-workers by calling him a poor employee or otherwise degrading him publicly. Mr. Teran alleges that all of the foregoing created a hostile work environment.

Defendant CF's Motion alleges that Mr. Teran's claims under the New Mexico Human Rights Act should be dismissed for his failure to exhaust administrative remedies. Mr. Teran states in his response brief that he is abandoning this claim. Accordingly, Count 5 of his Complaint will be dismissed.

The remaining state law claims, CF argues, should be dismissed because they are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq*. Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry

>    affecting commerce . . . may be brought in any district court of
>    the United States having jurisdiction of the parties. . . .

The United States Supreme Court has explained preemption under § 301 as follows:

>    if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor law principles-- necessarily uniform throughout the Nation--must be employed to resolve the dispute.

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988).

This rule applies to both contract and tort claims. *Allis-Chalmers v. Lueck*, 471 U.S. 202, 210-11 (1985). Section 301 does not, however, preempt state law that proscribes conduct or establishes rights and obligations independent of a collective bargaining agreement. *Id.* at 212; *see Ertle v. Continental Airlines*, 136 F.3d 690 (10th Cir. 1998) (where resolution of a state law claim requires a pure factual inquiry that does not turn on the meaning of a CBA, the claim is not preempted).

Applying these principles, it is clear that Mr. Teran's claims for breach of contract and breach of the implied covenant of good faith and fair dealing require dismissal because resolution depends upon application and interpretation of the collective bargaining agreement. *United Steelworkers of America v. Rawson*, 495 U.S. 362, 368 (1990). Accordingly, Counts 6 and 7 of the Complaint will be dismissed.

Assuming without deciding that Mr. Teran has stated a claim for defamation, determination of that cause of action does not require interpretation or application of the

CBA; it is an independent cause of action under state law and will not be dismissed on the ground of preemption.

Mr. Teran's claim of prima facie tort is premised on his not receiving overtime work. Again, this requires interpretation and application of the CBA and is therefore preempted. Accordingly, Count 10 of the Complaint is dismissed.

Finally, Mr. Teran alleges intentional infliction of emotional distress. From the allegations in his Complaint, it is unclear what facts support this claim. To the extent he is claiming emotional distress for any of the terms or conditions of his employment, the claim is preempted. *Johnson v. Beatrice Foods Co.*, 921 F.2d 1015, 1020 (10th Cir. 1990). To the extent this cause of action rests on the alleged racial slurs and epithets he received, his claim survives. Because there is no allegation by CF that the CBA covers claims racial discrimination, the CBA does not have to be interpreted or applied. Although a claim of intentional infliction of emotional distress based on racial slurs arises from the same facts as a Title VII claim, Title VII does not preempt his claim. *See Pascouau v. Martin Marietta Corp.*, 185 F.3d 874, 1999 WL 495621, **11 (10th Cir. 1999) (unpublished opinion).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Alternatively Motion for Partial Summary Judgment on Federal Preemption Grounds [Doc. 28] is granted in part and denied in part, and that Counts 5, 6, 7, and 10 are dismissed.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)